Albert Reed

Reg.#14832-014/Federal Prison Camp - Canaan / P.O. Box 200 / Waymart, PA  18472

Original
Signature

31 March 2008

Hon. Alvin Thompson, U.S.D.J.      Sent Via SPC-Canaan "Legal Mail".
                                    Recorded in prison log.

c/o    Clerk
       United States District Court
       District of Connecticut - Hartford
       Abraham Ribicoff Federal Building
       450 Main Street
       Hartford, CT    06103


                    Re: United States v. Reed

---

        LETTER MOTION FOR LEAVE TO FILE PRO SE SUPPLEMENT TO
                 MOTION FOR MODIFICATION OF SENTENCE

---

Dear Judge Thompson:

    This "Letter Motion for Leave to File Pro Se Supplement to
Motion for Modification of Sentence" is submitted and filed pro se
and is requested to be liberally construed in all manner in
accordance with the mandates of the decisions of the U.S. Supreme
Court in Haines v. Kerner,404 US 519. 520 (1972); Estelle v. Gamble,
429 US 97 (1976); and, Erickson v. Pardus, 551 US ___, 129 S.Ct. _ (2007).

    Defendant's attorney, Jonathan Einhorn (appointed) has filed
a motion for sentence reduction on behalf of this Defendant. The
basis of the motion is the new amendment to §1B1.10 allowing a
two point reduction in "crack" cocaine cases; authorized by the
Federal Sentencing Commission (retroactive).

    Defendant sent Attorney Einhorn a letter of understanding
as to what should be included in the motion for sentence reduction.
(Exhibit A - Letter 10 March 2008 annexed).

                            -1-

Hon. Alvin Thompson
Letter Motion
31 March 2008
Page 2

The purpose of the letter was to ensure Attorney Einhorn raised all possible issues that would benefit and/or maximize any sentence reduction the Court may authorize. Further, Defendant wished to preserve any and all issues that may be appealable (within his non-legal purview) for now or in the future.

The two point reduction as a result of the new amendment; reduces the Defendant from an offense level of 27/Category VI to an offense level of 25/Category VI. Defendant was sentenced to 132 months (Level 27/VI range 130-162). The two point reduction to Level 25/VI (range 110-137) would likely produce a new sentence of 112 months. This represents a twenty month reduction in sentence.

However, the Defendant notes there is a mandatory minimum of ten years (120 months).

Because of the essentially simultaneous decision of the U.S. Supreme Court in Kimbrough v. United States, 128 S.Ct. 558 (2007); this Court has discretion under Booker v. United States, 543 US 220 (2005) to implement the sentencing factors enumerated in 18 U.S.C. §3553(a) as a result of the guidelines being only advisory. The Defendant was sentenced under the mandatory guidelines.

The Defendant pled to sufficient facts under the advisement of counsel (Attorney Einhorn) who informed the Defendant that the amounts or drug quantity was found by a preponderance of the evidence standard. Under Booker, the quantity must be found as a fact by a jury (or Judge) by a reasonable doubt standard. Thus, the Court, pursuant to the mandate in Kimbrough to use Booker liberally; may, at the Court's discretion, reconsider the drug quantity and the total amount of cocaine base to be considered as cocaine powder (reducing the "crack" to powder 100:1). The Court must use the old quantities that produce the "least harsh" sentencing result. Defendant avers that the Court may, at its discretion, find that the total drug quantity would

Hon. Alvin Thompson
Letter Motion
31 March 2008
Page 3

be much less than originally found by the old standard. This would potentially place the mandatory minimum to only five (5) years. The would allow the Defendant to be sentenced to the 112 months or less as computed by the two point reduction. Defendant avers the drug quantities, if found by reasonable doubt standard, would likelyresult in a five year mandatory minimum.

Further, the Defendant requested Attorney Einhorn raise the issue than the priors used to place the Defendant in Category VI by the mandatory guidelines; are all now more than fifteen (15) years old. As a result, under the advisory guidelines(established by Booker) the Defendant may not have a significant past history and could be resentenced in Category I. This may allow a number of factors to be applied as a "safety valve". Defendant understands that this is all discretionary on the part of the Court.

However, the Defendant would direct the Court to the recent decision of the Second Circuit Court of Appeals in United States v. Sanchez, 2nd Cir., No. 05-3812,(2/29/08)stating; "that the statute that spawned the U.S. Sentencing Guidelines' career offender provisions does not restrict non-guideline sentences".

Defendant also had requested that the Court be informed of his many serious medical conditions including heart problems and his age as factors that the Court consider in resentencing. These were ommitted in the Motion for Modification of Sentence. The Defendant wishes for the medical issues to be considered as part of the §3553(a) factors.

Finally the the Defendant moves the Court to consider the length of sentence as it may be "to afford adequate deterrence to criminal conduct" and "sufficient, but not greater than necessary" as punishment for the crime.

Defendant avers that the foregoing should be allowed as a Supplement to the Motion for Modification of Sentence as it bears significantly on the outcome of the case at bar.

      **WHEREFORE,** Defendant prays the Honorable Court issue an Order as follows:

1. **GRANT** this Motion for Leave to File Pro Se Supplement to Motion for Modification of Sentence; and,

2. **ALLOW** this Motion for Leave to be the Supplement in its entirety; and

3. **GRANT** Defendant a sentence reduction pursuant to the Federal Sentencing Commission two point amendment; and **GRANT** a reduction of sentence that will be consistent with the intent of 18 U.S.C. §3553(a) factors.

**ALL** in the interests of justice; and to prevent manifest injustice.

**FURTHER,** that the Court provide any and all other relief it deem just and proper in accordance with law, in the interests of justice.

Respectfully Submitted this 31st day of March 2008.

*Albert Reed, pro se*

Albert Reed, pro se

------------------------------------------------------

### CERTIFICATE OF SERVICE

      I, Albert Reed, hereby certify that a copy of this "Motion for Leave to File Pro Se Supplement to Motion for Sentence MOdification" has been placed in the SPC-Canaan "Legal Mail" system; postage prepaid, sent first class mail; on the 31st day of March 2008; for delivery to the following:

Jonathan J. Einhorn
412 Orange Street
New Haven, CT      06511

∴∴∴The Clerk is requested to provide service to the U.S. Attorney. Defendant does not know the name or address. Thank you.

*Albert Reed*

Albert Reed

-4-

Albert Reed

Reg. # 14832-014 / Federal Prison Camp - Canaan / P.O. Box 200 / Waymart, PA   18472

10 March 2008
Sent Via SPC-Canaan "Legal Mail".

Jonathan J. Einhorn, Esq.
Attorney-At-Law
412 Orange Street
New Haven, CT   06511

Re: <u>United States v. Reed</u>
Criminal No.: 3:02-cr-249 (AWT)

Dear Mr. Einhorn:

This is to confirm my understanding on how you will proceed on my case. As a result of the Federal Sentencing Commission's Amendment to §1B1.10; and in light of the U.S. Supreme Court decision in <u>Kimbrough v. United States</u>, 128 S.Ct. 558 (2007); you will be filing a motion for sentence modification.

There are three areas to be addressed:

1. I am entitled to a two (2) point offense level reduction as a result of the §1B1.10 amendment. This would reduce me from the original offense level of 27 / Category VI (132 months - low end of guideline 130-162);to offense level 25 Category VI (range 110-137). This could put me at 112 months with a proportionate reduction.

   However, I understand that there is a mandatory minimum of of ten years (120 months). Thus the Court would be restricted to a reduction of only twelve (12) months.

2. The decision of the Supreme Court in <u>Kimbrough</u> may offer some further arguments that would allow the court to resentence in light of <u>Booker</u>. This would all be totally discretionary of the part of the Court.

   The Court originally sentenced me under the mandatory guidelines. The guidelines are now "advisory" pursuant to <u>Booker</u>. <u>Kimbrough</u> directs the district courts to use <u>Booker</u> liberally. In my

-1-

Jonathan J. Einhorn, Esq.
10 March 2008
Page 2

case, the drug quantity was determined by a "preponderance of the evidence" standard. Booker requires drug quantity for enhancement must be found as a fact by a jury or Judge under the "reasonable doubt" standard. The Court could make a finding that that amount I am to be held responsible for is much less. That could reduce the mandatory minimum to five (5) years.

Further, the determination of drug quantity could be deemed significantly less depending on how much of a reduction the court would make under the 100:1 "crack" to powder ratio.

I understand that these are discretionary on the part of the Court and that the only "for sure" is the 12 month reduction stated in #1 above.

The last area is the Criminal History (Category VI). The last prior used against me was for a conviction in 1992. This would mean that all the prior convictions are now more than fifteen (15) years old. Under Booker and under 18 U.S.C. §3553(a) the Court is required to "...impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)...". This includes a sentence that "to afford adequate deterrence to criminal conduct".

A my age and in view of my health the Court could provide some relief simply by not including the prior convictions. This may allow a safety valve reduction or some other downward departure.

3. The last area of concern is the possibility of a downward departure on my health status. You are already aware of all these issues so I will not enumerate them here.

Please let me know if there is anything you feel is not correct in the above thoughts. Otherwise I would request that you address them in your motion to the Court.

I appreciate your efforts and hope that this process of resentencing will result in a significant decrease in time of incarceration.

Please advise. Kind Regards.

Sincerely,

Albert Reed